ROGER G. SEGAL,
Chapter 7 Trustee
257 East 200 South, Suite 700
P. O. Box 11008
Salt Lake City, Utah  84147-0008
Telephone: (801) 532-2666
Facsimile: (801) 355-1813
roger@crslaw.com

IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

----ooo0ooo----

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PETER RHODES ELDRIDGE, | ) | Bankruptcy No. 11-22629 RKM |
| JULIE ANNA ELDRIDGE, | ) | (Chapter 7) |
| | ) | |
| Debtors. | ) | |

----ooo0ooo----

**MOTION FOR APPROVAL OF SALE OF PERSONAL PROPERTY**

Roger G. Segal, the duly appointed, qualified and acting Chapter 7 Trustee of the above-referenced Debtors' bankruptcy case (the "Trustee"), hereby moves the Court, pursuant to 11 U.S.C. §363(b) and Rule 6004 of the Federal Rules of Bankruptcy Procedure, for an Order approving a sale of the bankruptcy estate's interest in a 2002 Chevy Tahoe, a 1991 Buick Park Avenue, a 2003 Yamaha Jet Ski, and a Young Chang Baby Grand Piano (the "Personal Property").  In connection herewith the Trustee represents as follows:

1.	The Debtors filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code on March 3, 2011.

2.	The case was subsequently converted to a Chapter 7 pursuant to an Order dated July 15, 2011.

3.    Roger G. Segal was appointed as interim Trustee of the bankruptcy case of the above-named Debtors and at the Section 341 Meeting of Creditors held on August 24, 2011 became the Chapter 7 Trustee of the bankruptcy case.

4.    The Trustee has negotiated with the Debtors to sell the bankruptcy estate's interest in the Personal Property to the Debtors. The terms and conditions of the sale are as follows:

(a)    The Debtors shall pay to the Trustee $1000.00 due on May 1, 2013 and thereafter make payments of $300.00 per month beginning June 1, 2013 and each month thereafter until the total sum of $4,000.00 has been paid for the purchase of the bankruptcy estate's interest in the Personal Property.

(b)    The bankruptcy estate's interest in the Personal Property is to be sold "as is" with no express or implied warranties or representations of any kind whatsoever by the Trustee; and

(c)    The sale is subject to and conditioned upon final approval of the Bankruptcy Court.

5.    The Trustee <u>does not</u> intend to sell the Personal Property free and clear of liens and security interests pursuant to 11 U.S.C. §363(f). The Debtors' Statements and Schedules indicate that the Personal Property is unencumbered.

6.    The Trustee believes, in the exercise of his business judgment, that a sale of the bankruptcy estate's interest in the Personal Property to the Debtors, pursuant to the terms set forth above, is in the best interest of the estate and its creditors. The total value of the Personal Property, according to the amended Schedule B filed by the Debtors is $13,850.00. However, the Debtors have claimed a $5,000.00 exemption in the 2002 Chevy Tahoe and a $1,000.00 exemption in the Baby Grand Piano which claimed exemptions in the absence of timely filed objection have been allowed. The Trustee is of the opinion based upon the results of other sales of similar personal property and costs likely to be incurred with the sale of such property that the proposed sale will

produce more for creditors than a sale of the Personal Property at auction and payment from the sales proceeds of the Debtors allowed exemptions of $6,000.00, and costs of the sale including a 15% auctioneer fee and costs and professional fees.

7. Because the Personal Property is not being sold at auction, and because the Trustee believes that the sale price set forth in the Agreement is a fair price, the sale of the estate's interest in the Personal Property to the Debtors is not subject to higher and better offers.

8. The sale described above is the result of arms-length negotiations between the Trustee and the Debtors. To the Trustee's knowledge, the Debtors have agreed to the sale in good faith.

**WHEREFORE**, the Trustee prays that the Court enter an order providing as follows:

1. Approving the sale of the estate's interest in the Personal Property to the Debtors, pursuant to the terms set forth in Section 4 above.

2. Authorizing the Trustee to take all steps necessary to complete the sale of the estate's interest in the Personal Property, including the execution and delivery of a Trustee's Bill of Sale and other documents to the extent required or necessary; and

3. For such other and further relief as the Court deems appropriate under the circumstances.

DATED this 1st day of April, 2013.

       /s/ Roger G. Segal
      Roger G. Segal, Chapter 7 Trustee